IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01606-MJW

SIMAO PEDRO CATCHAI,

Plaintiff,

v.

JBS SWIFT GREELEY & CO,

Defendant.

# ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(Docket No. 28)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this Court for all purposes pursuant to the Court's Pilot Program[1] and 28 U.S.C. § 636(c) upon consent of the parties and the Order of Reference Upon Consent to Jurisdiction of Magistrate Judge entered by Chief Judge Marcia S. Krieger on September 15, 2015 (Docket Nos. 15 & 16).

Now before the Court is the Defendant's Motion for Summary Judgment (Docket No. 28). Plaintiff filed a response (Docket No. 33) and Defendant filed a reply (Docket No. 34). The Court has reviewed the parties' filings. The Court has further taken judicial notice of the Court's entire file in this case and considered the applicable Federal Rules of Civil Procedure, statutes, and case law. Now being fully informed, the Court grants the motion.

---

[1] The Pilot Program has since been replaced by D.C.COLO.LCivR 40.1(c).

**Jurisdiction**

The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**Procedural Background**

Plaintiff, who proceeds in this matter pro se[2], brought claims against Defendant, his former employer, pursuant to 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Equal Pay Act. (Docket No. 1 at 1-2, 8-11.) On March 10, 2016, the Court granted in part and denied in part Defendant's motion to dismiss. (Docket No. 26). As a result, the only remaining claim is Plaintiff's failure to promote claim brought under Title VII. The instant motion seeks summary judgment on that claim.

**Standard of Review**

As Chief Judge Krieger has explained:

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Substantive law governs which facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof, and identifies the party with the

---

[2] A federal court must construe a pro se plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

> burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is genuine and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).
>
> If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(c)(1)(A). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999); *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required and the court enters judgment.
>
> If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a prima facie claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, then the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

*Lenox Maclaren Surgical Corp. v. Medtronic, Inc.*, No. 10-cv-02139-MSK-BNB, 2015 WL 7774187, at *4-5 (D. Colo. Dec. 3, 2015).

### Material Undisputed Facts

- Plaintiff was hired by Defendant on October 7, 2013, and left his employment just over four months later on February 10, 2014. (Docket No. 1 at 1, 7; Docket No. 28-1 ¶ 2).

- The position for which Plaintiff applied and was not hired was a Quality Assurance position. (Docket No. 1 at 6; Docket No. 28-1 at ¶3; Docket No. 28-2

at 1).

- Quality Assurance positions are management positions that require an employee be employed at Defendant for at least six months prior to application. (Docket No. 28-1 ¶3).

- Plaintiff applied for the Quality Assurance position on December 30, 2013. (Docket No. 28-2 at 1).

## **Analysis**

Under Title VII, an employer may not discriminate on the basis of race, color, religion, sex, or national origin, or take adverse action against an employee who has engaged in protected conduct. *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). To prevail on a Title VII failure to promote claim, a plaintiff must first establish a prima facie case by showing that "(1) he is a member of a protected class; (2) he applied for and was qualified for the particular position; (3) he was not promoted despite his qualifications; and (4) the position was filled or remained open after he was rejected." *Cross v. The Home Depot*, 390 F.3d 1283, 1286 (10th Cir. 2004).

Defendant maintains that because Plaintiff did not meet the minimum requirement that to be considered for a Quality Assurance position an applicant be employed at Defendant for at least six months, Plaintiff was not qualified for the position. Plaintiff argues that his prior work experience at another beef processing plant qualified him for the Quality Assurance position. (Docket No. 33 at 2). However, it is undisputed that one of the minimum requirements for the Quality Assurance position at Defendant was that an applicant be employed at Defendant for at least six months. It is also undisputed that Plaintiff applied less than two months after he began working at

Defendant. Therefore, Plaintiff was not qualified for the position for which he was not hired.

Plaintiff's prior work experience at other employers does not change this fact. As Defendant points out, there are many reasons why an employer may include such a requirement when hiring for a management position. For example, Defendant notes that this "is a standard requirement to ensure continuity amongst management personnel and that employees are sufficiently familiar with JBS' operations before becoming managers." (Docket No. 34 at 3).

Finally, to the extent Plaintiff argues that the "Hispanic female" who ultimately was hired for the position "needed training" and was hired "from outside," these unsupported contentions cannot be considered by the Court. *Annett v. Univ. of Kan.*, 371 F.3d 1233, 1237 (10th Cir. 2004) ("[U]nsupported conclusory allegations . . . do not create a genuine issue of fact." citation omitted). The law is clear that when the opposing party fails to "set out specific facts showing a genuine issue for trial . . . summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2). Indeed, a "nonmovant acts, or fails to act, at its peril." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998). Plaintiff's status as a pro se litigant does not change the Court's obligation to enforce the applicable law and rules. *See id.* ("The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court."); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (noting that pro se parties must "follow the same rules of procedure that govern other litigants.")

## **Conclusion**

For the foregoing reasons, it is hereby ORDERED that Defendant's Motion for Summary Judgment (Docket No. 28) is GRANTED. It is further ORDERED that summary judgment shall entered in favor of Defendant and against Plaintiff on Plaintiff's failure to promote claim brought under Title VII. It is further ORDERED that the Clerk of the Court shall terminate this case.

Date:  December 8, 2016              s/ Michael J. Watanabe
       Denver, Colorado              Michael J. Watanabe
                                                     United States Magistrate Judge